Filed 6/24/15  P. v. McHenry CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN WINFIELD McHENRY,<br><br>    Defendant and Appellant. | 2d Crim. No. B253038<br>(Super. Ct. No. TA126841)<br>(Los Angeles County) |

A jury found John Winfield McHenry guilty of two counts of possession of an assault weapon (Pen. Code, § 30605, subd. (a)) and one count of misdemeanor child endangerment (*id*. § 273a, subd. (b)).  On appeal, he contends the trial court erred in denying his motions to traverse and quash a search warrant.  We affirm.

FACTS

On January 30, 2013, police searched McHenry's home pursuant to a warrant.  In an unlocked safe in the closet of McHenry's bedroom, officers recovered several firearms, including a nine-millimeter Uzi, a .38 caliber revolver and an SKS rifle.  Officers also recovered a loaded handgun from between the mattresses.  Downstairs, officers recovered two loaded handguns on top of a china cabinet and entertainment system.  There were two young children in the home.

*Motion to Traverse and Suppress*

Prior to trial, McHenry moved to traverse the warrant and to suppress evidence. At the People's request, the court ordered a portion of the warrant affidavit sealed to protect the identity of a confidential informant.

In the unsealed portion of the warrant affidavit a Los Angeles County Sheriff's detective (affiant) states: He has training and experience and has qualified as an expert on criminal street gangs. He is investigating three crimes—a shooting, an assault with a deadly weapon and a burglary—all involving the East Side Paramount gang. "It is very common for gang members to trade or pass firearms, or other dangerous weapons, amongst each other so they may be used by all members of their gang (East Side Paramount). Your Affiant also knows it is common for fellow gang members to stay at, or spend the night at, the residence of other gang members of the same gang."

Affiant states: John "Lucky" McHenry was detained by a deputy for a Vehicle Code violation. The deputy completed a field interview card. McHenry admitted associating with the East Side Paramount gang. Affiant believes illegal firearms will be found in McHenry's residence.

Pursuant to *People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*), the trial court reviewed the sealed portion of the warrant affidavit and examined the affiant in camera, outside McHenry's presence. The court found that the sealed portion of the affidavit was properly sealed and would remain sealed. The court also found the affidavit shows probable cause for the search.

McHenry's counsel told the court that because he did not know the contents of the affidavit, he could not proceed with a motion to traverse the warrant.

DISCUSSION

McHenry contends the warrant affidavit lacked probable cause to search his home.

McHenry's contention is based solely on the unsealed portions of the affidavit in support of the warrant. But the trial court based its decision to deny

2

McHenry's motions to quash and traverse on the sealed and unsealed portions of the affidavit, as well as an examination of the affiant.

All or part of a search warrant affidavit may be sealed if necessary to protect the identity of an informant who has supplied probable cause for the issuance of the warrant. (*Hobbs*, *supra*, 7 Cal.4th at p. 971.) In such cases, where the defendant moves to traverse or quash the warrant, the trial court is required to conduct an in camera hearing. (*Id*. at p. 972.) The court must determine at the hearing whether there are sufficient grounds for maintaining the confidentiality of the informant's identity, and whether the extent of the sealing is necessary to protect the informant's identity. (*Ibid*.) Absent a waiver from the prosecutor, the defendant and his attorney may not attend the in camera hearing. (*Id*. at p. 973.)

If the trial court determines all or part of the affidavit was properly sealed, it must next determine if there is any merit to the defendant's motion to traverse. (*Hobb*s, *supra*, 7 Cal.4th at p. 974.) The court must determine whether the affidavit included a false statement made knowingly and intentionally or with reckless disregard of the truth, and whether the false statement is necessary to a finding of probable cause. (*Ibid*.) The determination must be based on the public and sealed portions of the affidavit and any testimony offered at the in camera hearing. (*Ibid*.) If there is no merit to the motion to traverse, the court should so inform the defendant and deny the motion. (*Ibid*.) If the court determines there is a reasonable probability the defendant will prevail on the motion, the prosecutor must be given the option of disclosing the sealed materials, or suffering the entry of an adverse order on the motion to traverse. (*Id*. at pp. 974-975.)

If the defendant moves to quash the warrant, the procedure is similar. The trial court must determine whether under the totality of the circumstances the affidavit and related materials furnished probable cause for the issuance of the warrant. (*Hobbs*, *supra*, 7 Cal.4th at p. 975.) If the court determines there is probable cause, the court should so inform the defendant and deny the motion. (*Ibid*.) If the court determines there is a reasonable probability the defendant will prevail on his motion to quash the warrant,

3

the prosecutor must either disclose the sealed materials to the defense, or suffer the entry of an adverse order on the motion to quash.  (*Ibid*.)

The trial court followed the proper procedure.  Our independent review of the record, including the sealed portions, confirms the trial court's determinations.  We agree with the trial court there are sufficient reasons for maintaining confidentiality and that the extent of the sealing is necessary for that purpose.  We also agree that the warrant is supported by probable cause.  There is no reasonable probability that McHenry could prevail on his motions to quash and traverse the warrant.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.


4

Kelvin D. Filer, Judge

Superior Court County of Los Angeles

_____

Law offices of George T. Kelly, George T. Kelly for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Zee Rodriguez, Jonathan M. Krauss, Deputy Attorneys General, for Plaintiff and Respondent.